**Vernon CRINER, Plaintiff–Appellant,**

---

Janet Wright, Conservator for
Vernon Criner, Plaintiff,

v.

Jose HERNANDEZ, Collier County,
Prison Health Services, Indiana Cruz,
M.D. individually, Defendants–Appel-
lees.

No. 13–14799
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 14, 2014.

Paul William Broschay, Law Offices of
Paul W. Broschay, Detroit, MI, Roger E.
Craig, Office of Roger E. Craig, Naples,
FL, for Plaintiff–Appellant.

Gregg Alan Toomey, Bunnell & Woulfe,
PA, Fort Myers, FL, for Defendants–Ap-
pellees.

Before TJOFLAT, HULL and
MARCUS, Circuit Judges.

PER CURIAM:

Jane Wright, on behalf of Vernon Cri-
ner, brought this action under 42 U.S.C.
§ 1983 against a physician's assistant, Joes
Hernandez, a physician, Indiana Cruz,
M.D., and Prison Health Services, Inc.
("PHS"), claiming that Hernandez and Dr.
Cruz were deliberately indifferent to Cri-
ner's serious medical condition-a history of
paroxysmal atrial fibrillation, hyperten-
sion, and hyperlidemea-in violation of the
Eighth and Fourteenth Amendments,
while Criner was incarcerated in the Col-
lier County Jail. In addition to the claims
against Hernandez and Dr. Cruz, Wright
alleges that PHS maintained an unconsti-
tutional custom or policy to withhold medi-
cal treatment from jail inmates such as
Criner.

After Wright filed a fourth amended
complaint, the defendants answered and
discovery closed, the defendants moved
the District Court for summary judgment.
The court, in comprehensive Opinion and
Order dated September 13, 2013, reviewed
the relevant evidence and granted the mo-
tion. The court's Opinion and Order, at
14–15, describes the plaintiff Criner's claim
and Hernandez's and Dr. Cruz's responses
to his medical condition thusly:

Plaintiff claims that Hernandez and
Dr. Cruz were aware of his serious med-
ical condition, but "turned a cold shoul-
der to his very real, very legitimate
complaints and requests for a medical or
cardiology referral." The evidence,
however, establishes that plaintiff re-
ceived a significant amount of medical
care, including treatment for his cardiac
conditions.

During the period between plaintiff's
arrival at the Collier County Jail on
January 18, 2008, and his injury on
June 23, 2008, plaintiff visited Hernan-
dez and Dr. Cruz for medical care on
more than fifty different occasions.
After learning of plaintiff's medical
conditions, Hernandez and Dr. Cruz
continued the treatment prescribed by
plaintiff's cardiologist prior to his in-
carceration and addressed many of
plaintiff's complaints. In early May,
plaintiff was diagnosed with a slow
heart rate following complaints of se-
vere dizziness and fainting. Hernandez
responded to these complaints by ad-
justing plaintiff's medications and by
ordering blood tests and an EKG.
Based on the test results, plaintiff was
transferred to the infirmary for further
monitoring and when his condition be-
gan to worsen, he was immediately

sent to the emergency room. The hospital records stated that plaintiff's atrial fibrillation was well controlled and made no mention of the need for a pacemaker or a follow-up appointment with a cardiologist. Plaintiff's medical needs were also addressed following his complaints of dizziness, increased heart rate, and swollen legs in early June. Hernandez ordered that plaintiff's blood pressure and heart rate be monitored and ultimately referred him to a kidney specialist to address the abnormal results of an ultrasound performed on his kidneys.

Even when viewing the facts in a light most favorable to plaintiff, the undisputed evidence shows that plaintiff received a significant amount of medical care during his incarceration at the Collier County Jail. Despite this significant amount of care, plaintiff second guesses the medical judgments of those providing care. Plaintiff submitted an expert disclosure from Dr. Joe Goldenson, who opined that Hernandez and Dr. Cruz did not adequately evaluate plaintiff's symptoms and should have sent him to a cardiologist for further evaluation. However, evidence of potential error in the medical judgment of Hernandez or Dr. Cruz does not create a genuine issue of material fact because it does not demonstrate action or inaction beyond gross negligence.

The court accordingly dismissed the claims against Hernandez and Dr. Cruz. Then, having determined that plaintiff's constitutional claims failed, the court dismissed the claim against PHS as well.

Wright appeals the District Court's judgment issued pursuant to its September 13, 2011, decision. The gist of her appeal is, "Quite simply, Defendants delayed the medical care required by Criner for a non-medical reason, they refused to pay for it." Appellant's Br. at 24–25. We are not persuaded and accordingly affirm.

AFFIRMED.